IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JESSE A. BREWER, | : | CIVIL NO. 3:13CV-2524 |
| --- | --- | --- |
| Petitioner, | : | FILED |
| | : | (Judge Munley) SCRANTON |
| v. | : | |
| | : | DEC 12 2013 |
| DOMINICK L. DEROSE, | : | |
| Respondent | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

Petitioner Jesse A. Brewer ("petitioner"), a pre-trial detainee presently confined in the Dauphin County Prison, Harrisburg, Pennsylvania, commenced this *pro se* action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 8, 2013. (Doc. 1.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed.

I. **Background**

Petitioner challenges the legality of his ongoing federal criminal prosecution, United States v. Brewer, Case No. 1:13–CR–13, which is presently pending before the Honorable William W. Caldwell and is scheduled to proceed to trial on January 13, 2014. (Doc. 1, at 1.) He asserts that the indictment is defective and that the arrest warrant contains false information. (Id. at 2.) He also asserts that he has been improperly detained since July 30,

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

2013, and that he has not been back in court since that date.[2] (Id.) As relief, he seeks dismissal of the federal indictment and release from custody. (Id. at 3.)

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review: Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. See R. GOVERNING § 2254 CASES R.4. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Because petitioner is simply subject to an indictment and is still awaiting trial, it is inappropriate for petitioner to challenge the legality of his ongoing federal criminal prosecution *via* a federal habeas corpus petition pursuant to 28 U.S.C. § 2241. The Court of Appeals for the Third Circuit, has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." Stolt–Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (refusing to enjoin an anticipated indictment). The adversary system "afford[s]

---

[2]Review of the electronic docket sheet reveals that petitioner's motion to review and revoke the pretrial detention order was denied on October 3, 2013.

defendants, after indictment, a federal forum in which to assert their defenses – including those based on the Constitution. Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors." Id. at 185 (quoting Deaver v. Seymour, 822 F.2d 66, 69–70 (D.C. Cir. 1987)). Moreover, a " 'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.' " Id. at 187 (quoting Terrace v. Thompson, 263 U.S. 197 (1923)).

In the matter *sub judice*, petitioner has a plain, adequate and complete remedy at law. He can assert his objections to the legality of his indictment and the pretrial detention order in the ongoing federal criminal proceedings pending before Judge Caldwell. Thereafter, if convicted of the charges, his remedy would be to proceed through the channels of direct appeal. If unsuccessful on appeal, he then has the option to pursue collateral relief *via* 28 U.S.C. § 2255. Accordingly, since intervention by this Court is not appropriate, the petition for writ of habeas corpus will be dismissed. See Sedlak v. United States, 2009 WL 4327563 *2 (M.D.Pa. Nov.30, 2009) (Jones, J.).

An appropriate Order will enter.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: December 12, 2013